**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GREGORY M. RICE,<br>                    Appellant, | DOCKET NUMBER<br>DE-3443-15-0096-I-1 |
|                    v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>                    Agency. | DATE: August 7, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gregory M. Rice, Las Vegas, Nevada, pro se.

Daniel H. Bowers, Esquire, Kansas City, Missouri, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a preference eligible, was appointed in November 2014 to a position in the excepted service pursuant to 38 U.S.C. § 7405(a)(1)(B). Initial Appeal File (IAF), Tab 13 at 6. He was terminated for preemployment reasons effective December 2014. IAF, Tab 1. He filed this Board appeal challenging his termination and requested a hearing. *Id*. at 1-4. The administrative judge notified the appellant of his jurisdictional burden concerning his termination appeal.[2] IAF, Tab 2, Tab 15. The appellant responded, appearing to assert, inter alia, that he was a disabled veteran. IAF, Tab 18 at 4.

¶3 The administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 22, Initial Decision (ID). Specifically, she found that the appellant did not have a statutory right to appeal because he was a preference eligible who had

---

[2] The appellant previously withdrew his appeal. IAF, Tab 14. However, subsequent to the withdrawal, the administrative judge stated that the withdrawal had been based upon materially inaccurate misinformation that she had provided; she therefore did not accept the withdrawal. IAF, Tab 15. The agency had submitted the appellant's Standard Form (SF) 50 the day before the appellant's withdrawal and it is not clear that the appellant or the administrative judge had the benefit of considering the appointment statute listed therein. *See* IAF, Tab 13.

completed less than 1 year of current continuous service at the time of his termination. ID at 3. She also found that the appellant did not have a regulatory right to appeal his termination for pre-appointment reasons because he was an excepted service appointee. *Id.*

¶4      The appellant has filed a timely petition for review in which he asserts, inter alia, that the agency implied that he had Board appeal rights. Petition for Review (PFR) File, Tab 1 at 4. The agency has filed a response. PFR File, Tab 3. The appellant has filed a reply. PFR File, Tab 4.

¶5      We agree with the administrative judge that the Board does not have jurisdiction over this appeal. *See* ID at 2-3. The appellant was appointed to a medical instrument technician position under 38 U.S.C. § 7405(a)(1)(B). IAF, Tab 13 at 6. Generally, individuals appointed under 38 U.S.C. § 7405(a)(1) are excluded from "civil service or classification laws, rules, or regulations." However, pursuant to 38 U.S.C. § 7403(f)(3), adverse actions taken against employees appointed under 38 U.S.C. § 7405(a)(1)(B) are resolved under title 5 as though the appointees had been appointed under title 5. *See Carrow v. Merit Systems Protection Board*, 564 F.3d 1359, 1364 (Fed. Cir. 2009); *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶¶ 8-10, *review dismissed*, 370 F. App'x 85 (Fed. Cir. 2009). We therefore analyze the appeal as though the appellant had been appointed under title 5.

¶6      The appellant was appointed in November 2014 and terminated effective December 2014. IAF, Tab 1 at 7-9, Tab 13 at 6. He therefore did not complete the 1 year of current continuous service necessary for preference-eligible, excepted service appointees to meet the statutory definition of "employee" under chapter 75, and thus he was not entitled to appeal his termination as a chapter 75 removal. 5 U.S.C. § 7511(a)(1)(B). Furthermore, as an excepted service appointee, the appellant does not have a regulatory right to appeal his termination for pre-appointment reasons. *Mancha v. Department of Homeland Security*, 112 M.S.P.R. 216, ¶ 10 (2009). Finally, although the appellant asserts

that the agency implied that he had Board appeal rights, PFR File, Tab 1 at 4, it is well settled that an agency error in notifying an appellant of a right to a Board appeal does not serve to confer jurisdiction on the Board.[3]  *Miles-Townsend v. U.S. Postal Service*, 37 M.S.P.R. 405, 407 (1988).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

---

[3] The appellant appeared to assert that he was discriminated against based upon his status as a disabled veteran.  IAF, Tab 18 at 4-5; PFR File, Tab 1 at 4.  Therefore, the Clerk of the Board issued a show cause order stating that it was not clear whether the appellant was attempting to assert a Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) claim.  PFR File, Tab 5.  The order notified the appellant of his jurisdictional burden in a USERRA claim and ordered him to clarify whether he was asserting such a claim.  *Id*.  The appellant responded that he was not asserting a USERRA claim.  PFR File, Tab 7 at 4.  Because the appellant is not asserting a USERRA claim and because we find no other claim over which the Board has jurisdiction, we do not address any assertions regarding his disabled veteran status.  *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.